UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CARLOS FIERRO, *et al.*,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>INGLEY ORELLANA, *et al.*,<br><br>　　　　Defendants. | Case No. 2:13-cv-00909-RFB-GWF<br><br>**ORDER** |
| JOSE LARA, *et al.*,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>ALAN RITCHEY, LLC dba ALAN RITCHEY, INC., *et al.*,<br><br>　　　　Defendants. | |

　　　This case is before the Court on Defendants Alan Ritchey, Inc. and Ingley Orellana's Motion to Dismiss for Failure to Prosecute Against Plaintiff Victor Angulo Only. ECF No. 158. "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). When considering whether to dismiss for failure to prosecute, district courts weigh the following factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions." In re Eisen, 31 F.3d 1447, 1451 (9th Cir. 1994).

　　　Weighing each of these factors, the Court concludes that Defendants' motion should be granted. The Court's review of the record indicates that Angulo did not file a response to

Defendants' Motion to Dismiss or, in the Alternative, Motion for Summary Judgment, which was filed on July 15, 2014. ECF No. 103. Angulo has also failed to file a response to the instant Motion to Dismiss for Failure to Prosecute or to take any action at all in this case for over a year. Therefore, the Court finds that the first and second factors—the public's interest and the court's need to manage its docket—weigh in favor of dismissal. The Court also finds that Defendants are prejudiced by Angulo's failure to prosecute, as unreasonable delay creates a presumption of prejudice that Angulo has not rebutted. Eisen, 31 F.3d at 1452-53 (quoting Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976)). While the fourth factor (the public policy favoring disposition of cases on their merits) weighs in Angulo's favor, it is strongly outweighed by the remaining factors. Finally, the Court finds that there are no less drastic sanctions available in this case. Angulo has failed to prosecute this action for over a year despite receiving notice of two separate dispositive motions and despite Defendants' stated efforts to contact him for purposes of settlement. The Court does not find that any alternatives exist that would remedy the delay and prejudice imposed upon Defendants by Angulo's delay.

For these reasons,

**IT IS ORDERED** that Defendants Alan Ritchey, Inc. and Ingley Orellana's Motion to Dismiss for Failure to Prosecute Against Plaintiff Victor Angulo Only (ECF No. 158) is GRANTED. As all remaining claims except for those of Angulo have previously been dismissed from this case pursuant to stipulations filed by the parties, the Clerk of Court is instructed to close this case.

DATED: August 31, 2015.

_____
**RICHARD F. BOULWARE, II**
**United States District Judge**